UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>ELAINE MARTIN,<br>DARRELL SWIGERT,<br><br>            Defendants. | Case No. 1:13-cr-00065-BLW<br><br>**PROTECTIVE ORDER** |

The Court has before it the Government's Motion for an Order Authorizing Disclosure of Taxpayer Returne Information, and Protective Order (Dkt. 22). The defendants do not oppose the motion. Accordingly,

**IT IS HEREBY ORDERED:**

1. Government's Motion for an Order Authorizing Disclosure of Taxpayer Returne Information, and Protective Order (Dkt. 22) is **GRANTED**.

2. The government, pursuant to Title 26, United States Code, Section 6103(h)(4)(D), may disclose to defendants Elaine Martin and Darrell Swigert, and their attorneys, the "returns" and "return information" gathered during the course of the investigation in order to satisfy its obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure,

      18 U.S.C. § 3500, and *Brady v. Maryland* and its progeny. For purposes of this Order, "return" and "return information" shall be defined as set forth in Title 26, United States Code, Section 6103.

3. The defendants and their attorneys, and all other individuals or entities assisting defendants who receive materials in connection with this case are prohibited from directly or indirectly providing access to, or otherwise disclosing the contents of, these materials to anyone not working on the defense of this criminal case, or otherwise making use of the materials in a manner unrelated to the defense of this criminal case. Authorized use of materials related to the defense of this criminal case shall include showing and discussing such materials with government and defense witnesses.

4. The defendants and their attorneys, and all other individuals or entities who receive materials in connection with this case, shall store materials produced to the defense in a secure manner and shall not:

    a. Make copies for, or allow copies of any kind to be made by any other person of documents produced pursuant to this Order;

    b. Allow any other person to read documents produced pursuant to this Order;

    c. Use documents produced pursuant to this Order for any other purpose than preparing to defend against the charges in the superseding indictment or further superseding indictments arising

out of this case.

5. The defendants and their attorneys are required to give a copy of this Order to all individuals or entities engaged or consulted by the defense in preparation for trial in this case. A violation of this Order by the defendants, their attorneys, or others may result in contempt of court proceedings or other civil or criminal sanctions.

6. Within ninety (90) days of the conclusion of this case, including all related appeals, all documents produced pursuant to this Order, and all copies thereof (other than exhibits of the Court), shall be returned to the United States Attorney's Office. Alternatively, the defendants and their attorneys may inform the United States Attorney's Office in writing that all such copies have been destroyed.

7. This Order shall not restrict the use or introduction as evidence of discovery documents containing personal identifying information such as social security numbers, bank account numbers, drivers license numbers, dates of birth, or addresses during the trial of this case. However, each party is responsible for the redactions of any and all documents that said party uses in a public proceeding.

8. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution.

**PROTECTIVE ORDER - 3**

DATED: **June 28, 2013**

_____
B. LYNN WINMILL
Chief U.S. District Court Judge

**PROTECTIVE ORDER - 4**