UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>ELAINE MARTIN and DARRELL SWIGERT,<br><br>　　　　　　Defendants. | Case No. 1:13-cr-00065-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

The Court has before it the United States' First Motion in Limine (Dkt. 31), the United States' Second Motion in Limine (Dkt. 35), Defendant Martin's Motion in Limine for Order Excluding Evidence of the Amounts of Payments Made to Marcon, Inc., for Performance of SBA 8(a) and DBE Contracts (Dkt. 48), and Defendant Swigert's Joinder in Defendant Martin's Motion in Limine for Order Excluding Evidence of the Amounts of Payments Made to Marcon, Inc., for Performance of SBA 8(a) and DBE Contracts (Dkt. 53).

## ANALYSIS

**1.　Government's First Motion in Limine**

The Government's First Motion in Limine asks the Court to preclude the defendants from introducing or making reference to matters related to the following: (1) Denice Graham; (2) Congressional Hearings and Office of Inspector General ("OIG") audits; (3) administrative and civil remedies; and (4) sentencing and forfeiture.

MEMORANDUM DECISION AND ORDER - 1

### A. Denice Graham

The Government intends to call Graham as a witness in its case-in-chief. Her testimony will relate to the allegations that defendants defrauded the Utah Department of Transportation ("UDOT"). Graham works for UDOT. Apparently, UDOT terminated Graham in 2010 for alleged misconduct related to the disclosure of bid information. She was reinstated in 2012 after the Utah Career Service Review Board found that evidence did not support her termination. The Government asks for an order precluding defendants from asking Graham about her termination, the circumstances surrounding it, or the subsequent grievance case.

Federal Rules of Evidence 401, 402, and 403 are at play here. Rule 401 states that evidence is relevant if it has any tendency to make a fact more or less probably, and the fact is of consequence in determining the action. Rule 402 states that relevant evidence is admissible unless the Constitution, federal statues or rules provide otherwise. Rule 403 requires the Court to balance relevance against prejudice – relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

As is often the case with motions in limine asking the Court to weigh the relevance and prejudice of certain testimony, the Court cannot give a definitive ruling in limine here – the Court will need to address the issue in the context of Graham's testimony at trial. However, the Court will give the parties some guidance.

The probative value of Graham's termination is not readily apparent to the Court. Therefore, it is unlikely the Court will allow questions regarding it. However, the defendants are right that just because UDOT cleared her of any wrongdoing and reinstated her employment does not mean there are no circumstances under which it may be probative. For example, the circumstances of Graham's termination may impeach her testimony in some fashion. And impeachment, such as showing some type of bias, "is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." 1 McCormick on Evid . § 39 (7th ed.)(quoting *U.S. v. Abel*, 469 U.S. 45, 52 (1984))

Because the Court does not know exactly what Graham will testify about, it cannot issue an order prohibiting or allowing questions about Graham's termination until after her direct examination. Accordingly, the parties may approach the Court at a side bar or outside the presence of the jury to discuss the issue in more detail at the conclusion of Graham's direct testimony if necessary, or the Government may raise its objections during cross-examination.

B.   OIG Audits

The Government intends to call witnesses from SBA and the U.S. Dept. of Transportation to provide an overview of the SBA 8(a) Program and the U.S. Dept. of Transportation's Disadvantage Business Enterprise Program. Audits and congressional hearings have been conducted with respect to these programs. The Government asks the Court to preclude defendants from cross-examining these witnesses using materials from

MEMORANDUM DECISION AND ORDER - 3

the congressional hearings or OIG materials for the SBA and U.S. Dept. of Transportation. The Government asks that "to the extent defendants intend to introduce such evidence . . . defendants [should] be required to establish the admissibility of such evidence before such testimony is introduced in the presence of the jury." *Opening Brief,* p. 5, Dkt. 31.

Rules 401, 402, and 403 are again at play here, and the Court is again unable to make a blanket ruling on the issue in limine. The Court cannot determine in a vacuum whether the audits or hearings are relevant. The defendants suggest that the Government's handling of applications may generate a good faith belief for an applicant as to what information is required for an eligibility determination. This may be so. However, that would require evidence that the applicant knew of the Government's method of handling applications, at a time and in a manner that could affect her decisions in submitting her own application. This would seem to be a necessary predicate to any inquiry concerning the audits and hearings. For this reason, the Court cannot resolve the issue at this point. Accordingly, the Court will again reserve ruling until the issue arises at trial. The parties should again approach the Court at a side bar or outside the presence of the jury to discuss the issue in more detail at the appropriate time during the trial.

### C.    Administrative and Civil Remedies

The defendants appear to agree that evidence about administrative and civil remedies available to the Government for the charges in the Superseding Indictment is irrelevant. The Court agrees and will grant the motion on this issue.

The defendants do make a suggestion that it is "unclear . . . just how far the government thinks the prohibition ought to go." *Response Brief,* p. 4, Dkt. 40. The Court is not altogether clear what is meant by the statement, but will allow defendants to raise the issue at trial if they feel it is necessary.

### D.    Sentencing and Forfeiture

The defendants also seem to agree that they cannot introduce evidence of sentencing and forfeiture. The Court agrees as well. In criminal trials such as this one, the Court typically instructs the jury that punishment provided by law for the crimes charged are for the Court to decide and that the jury should not consider punishment in deciding whether the Government has proved its case. *Ninth Circuit Model Criminal Jury Inst. 7.4.* In turn, evidence of punishment and forfeiture typically is not allowed. Accordingly, the Court will grant the motion on this issue.

The defendants do suggest a sort of caveat by arguing that the amount at issue is also irrelevant. This issue is raised in detail in Defendant Martin's Motion in Limine, and the Court will address it below.

## 2.    Government's Second Motion in Limine

The Government asks the Court to preclude the defendants from presenting at trial evidence regarding (1) the Ninth Circuit's decision in *Western States Paving Co., Inc. v. Washington State Department of Transportation,* 407 F.3d 983 (9th Cir. 2005), (2) the constitutionality and validity of Idaho's DBE program, and (3) the absence of project-specific goals after the U.S. Dept. of Transportation issued guidance on the *Western States* decision.

MEMORANDUM DECISION AND ORDER - 5

The Court generally agrees with the Government's request. First, to state the obvious, the Court will instruct the jury on the law, which may include legal statements from the *Western States* case. Moreover, the jury will not be asked to determine the constitutionality or validity of Idaho's DBE program, and neither party will be allowed to argue that question before the jury. Additionally, the Court can see no circumstance where Martin could argue to the jury that Idaho's DBE program is or was unconstitutional or invalid, given her participation in the program. And as suggested by the Government, the *Western States* decision did not alter the application of the goals in the charged contracts, and therefore the decision has no bearing on whether Martin intended to defraud Idaho's DBE program. In this regard, the motion is granted.

However, the Court anticipates, as does Defendant Martin based upon her brief, that the Government will offer expert testimony about how the DBE program works generally, and more specifically in Idaho. This testimony will likely include testimony about mandatory Idaho DBE goals. The extent of cross-examination will depend upon the direct testimony. The Court cannot make a blanket ruling that the defendants may not present any evidence related to the *Western States* decision in this regard. Such a request is simply too broad for the Court to grant pretrial. The Government may reassert its motion in more specific terms at the appropriate time during trial.

3.     **Martin's Motion in Limine**

Defendant Martin asks the Court for an order excluding the admission of evidence about the amounts of payments made by any person or entity to Marcon, Inc. for, or in connection with, Marcon's performance of construction work and related activities

conducted pursuant to contracts performed under the SBA 8(a) programs. Martin relies on Federal Rules of Evidence, 401, 402 and 403, suggesting that the amount of contract payments is irrelevant. Martin further suggests it would be unfair to preclude the defendants from offering evidence of forfeiture while at the same time allowing the Government to essentially build its forfeiture case by "planting large numbers of gross receipts before the jury which are totally irrelevant to the criminal liability stage." *Opening Brief,* p. 3, Dkt. 48. The Court disagrees.

First of all, the amount of the payments is relevant. As the Government points out, they intend to offer evidence of figures which are the amounts specifically charged in the indictment, and which are the exact figures they accuse Martin of obtaining by fraud. Moreover, the figures show intent – it is hard to imagine how the Government could prove intent or motive without offering evidence of what Martin intended to receive for her alleged fraudulent actions. Finally, the Government does not object to defendants pointing out that these are only gross rather than net amounts gained or lost, and therefore it should not prejudice defendants on the forfeiture counts. Accordingly, the Court will deny the motion. As with the other motions, however, the Court will allow Martin to reassert her objection to the issue during trial, at which time the Court may have a better feel for the relevancy of the particular evidence.

## ORDER

**IT IS HEREY ORDERED:**

MEMORANDUM DECISION AND ORDER - 7

1. The United States' First Motion in Limine (Dkt. 31) is **GRANTED in part** and **DENIED in part** as explained above.

2. The United States Second Motion in Limine (Dkt. 35) is **GRANTED in part** and **DENIED in part** with leave to reassert it during trial as explained above.

3. Defendant Martin's Motion in Limine for Order Excluding Evidence of the Amounts of Payments Made to Marcon, Inc., for Performance of SBA 8(a) and DBE Contracts (Dkt. 48), and Defendant Swigert's Joinder in Defendant Martin's Motion in Limine for Order Excluding Evidence of the Amounts of Payments Made to Marcon, Inc., for Performance of SBA 8(a) and DBE Contracts (Dkt. 53) are **DENIED**.

DATED: August 8, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court