UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:13-cr-00065-BLW |
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| ELAINE MARTIN, DARRELL SWIGERT, | |
| Defendant. | |

**INTRODUCTION**

Before the Court is: Defendant Darrell Swigert's Ex Parte Motion for an

Extension of Time to File Post-Trial Motions (Dkt. 164), and Defendant Elaine Martin's

Joinder in that motion to extend the time to file post-trial motions (Dkt. 169); and

Defendant Darrell Swigert's Motion to Continue Sentencing and the Disclosure of the

Presentence Report (Dkt. 184), and Defendant Elaine Martin's Joinder in the motion to

continue sentencing (Dkt. 180).  For the reasons set forth below, the Court will grant the

motions to extend the time to file post-trial motions and the motions to continue sentencing, but not for the time requested.

Post-trial motions shall be filed no later than December 11, 2013.  Responses to post-trial motions shall be due on January 4, 2014, and replies shall be due on January 20, 2014.  The Court will notify the parties if oral argument is requested.  Otherwise, the Court will decide the motions on the briefs.

Defendant Darrell Swigert's sentencing shall be continued until February 20, 2014, at 3:30 p.m..  Defendant Elaine Martin's sentencing shall be continued until February 21, 2014, at 9:00 a.m.

Finally, in accordance with Defendant Elaine Martin's notice to contest the preliminary order of forfeiture proposed by the government and request for a hearing, the Court will set a forfeiture hearing on December 9, 2013, at 10:00 a.m.

## BACKGROUND

On September 19, 2013, the jury found Defendant Martin guilty of counts 1-20, 23 and 24. *Minute Entry*, Dkt. 142;  *Jury Verdict Form*, Dkt. 146.  After the verdict, Defendant Martin's defense counsel requested an extension for the filing of post-trial motions. The government did not object. The Court granted the continuance and set a new filing date of October 24, 2013.

On October 17, 2013, three attorneys from the firm of McKenna Long and Aldrige LLP filed motions to appear pro hac vice on behalf of Defendant Swigert. One of these attorneys was Mr. Raymond Aghaian. *Motions for Pro Hac Vice Appearance,* Dkts. 157,

159, 160.  On Friday, October 18, 2013, Mr. Aghaian sent government prosecutors an email asking for the government's position on Defendant Swigert receiving a second extension for filing post-trial motions. The extension proposed by Mr. Aghaian was from October 24, 2013, to January 24, 2014. Ex. A. Mr. Aghaian's requested extension was based on his desire to review the trial transcripts in their entirety, which he represented would "not be available until just before the Thanksgiving weekend." *Oct. 18 Email from R. Aghaian*, Ex. A. to Gov't Resp., Dkt. 175-1.

On that same day, October 18, 2013, Mr. Larry Westberg, counsel for Defendant Martin, responded to Mr. Aghaian's email and requested that the deadline for post-trial motions be similarly extended for Defendant Martin. *Oct. 18 Email from L. Westberg,* Ex. B to Gov't Resp., Dkt. 175-2. At that time, Mr. Westberg did not provide any reason for his request that Defendant Martin's post-trial motions deadline be extended by three months. The government responded to both emails later that day, October 18, 2013. In its email, the government stated that it would not agree to Defendants' proposed three-month extension. *Oct. 18 Email from K. Wong*, Ex. C to Gov't Resp., Dkt. 175-3. With respect to Defendant Swigert, the government noted that Mr. Arkoosh continued to represent Swigert and therefore the defense team did not need the trial transcripts in their entirety, and two months to review those transcripts, in order to prepare and file post-trial motions. *Id.* The government stated it would object to any continuance for Defendant Martin because it was not aware of any facts that would warrant a further extension as to her. *Id.*

On Monday, October 21, 2013, Mr. Aghaian responded and proposed shortening the requested extension to January 17, 2014, seven days less than his original proposal. *Oct. 21 Email from R. Aghaian*, Ex. D to Gov't Resp., Dkt. 175-4. Mr. Aghaian then clarified that Mr. Arkoosh, trial counsel, was henceforth "only acting as local counsel and is not engaged to prepare the post-trial motions." Mr. Aghaian further proposed that "the court could hear argument on the motions on February 7th[, 2014]." *Id.*. Mr. Westberg did not respond the government's October 18th email or Mr. Aghaian's October 21st email. On that same day, October 21, 2013, the government responded that it opposed an extension of time for Defendant Martin for the reasons stated in its October 18th email. *Oct. 21 Email from M. Williams*, Ex. E to Gov't Resp., Dkt. 175-5.

The government again stated that it opposed a lengthy extension for Defendant Swigert because trial counsel was still available to assist with post-trial motions and there had already been one continuance at the request of the defense. *Id.*. The government also explained the prejudice that would result from a length continuance, including that all government counsel were scheduled to be in trial before the undersigned beginning January 27, 2014, in the midst of Defendants' proposed briefing schedule. *Id.*

Defendants Elaine Martin and Darrell Swigert now jointly request a second extension of time to file post-trial motions. Defendant Martin requests the extension of time because she "intends to hire handling lead legal counsel of her choice." *Martin's Joinder* at 1, Dkt. 169. Defendant Swigert requests an extension of time because he

"retained new counsel" and "new counsel [will] serve in the capacity of lead counsel and preparing the post-trial motions..." *Swigert's Br. to Extend Time* at 4, Dkt. 164.

According to Defendant Swigert, "trial transcripts [will] not be available until the week ending November 29," thereby necessitating the proposed extension. *Id* at 4.

Although not specifically requested in the ex parte application or proposed order, based upon prior communications between the parties, the Court assumes both defendants are requesting the time for filing their post-trial motions be extended until January 17 or 24, 2013.

Defendants Swigert and Martin also move to continue the sentencing currently scheduled for December 9, 2013, as well as the Presentence Report Disclosure Date. Swigert and Martin ask that sentencing be continued until April 21, 2014.

## ANALYSIS

**1.    Motions to Extend Time to File Post-Trial Motions.**

**A.    *Consideration of Ex Parte Application***

First, the government argues that the motion to extend time should be denied as procedurally improper because it was filed ex parte.

The Court agrees that Swigert failed to justify filing his motion ex parte. *See, e.g.*, *United States v. Real Property Located at 22 Santa Barbara Dr.*, 264 F.3d 860, 870 (9th Cir. 2001) (citing with approval *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193-94 (C.D. Cal. 1989). As the court explained in *Intermagnetics*, ex parte applications "contravene the structure and spirit of the Federal Rules of Civil Procedure and the Local

Rules of this court," both of which contemplate that "*noticed* motions should be the rule and not the exception." 101 B.R. at 193 (emphasis in original). Ex parte applications, in contrast, "throw the system out of whack," "impose an unnecessary administrative burden on the court," an unnecessary adversarial burden on opposing counsel," and "demand priority consideration, where such consideration is seldom deserved." *Id.* Nor are ex parte applications "intended to save the day for parties who have failed to present requests when they should have." *Id.*

Swigert's ex parte motion to extend the time for filing post-trial motions was the first ex parte application filed by Swigert's new counsel, and they had not been advised to file properly noticed motions. And Swigert did provide the government a copy of the motion and supporting memorandum, and the Court allowed the government an opportunity to respond. Thus, the government suffered no real prejudice from the filing of the motion ex parte. Because the Court had not yet advised Swigert's new counsel to refrain from filing ex parte applications without justification, and Swigert's counsel served the government with a copy of the ex parte application, the Court will treat the ex parte application as a properly-noticed motion in this instance.

Swigert's counsel, however, is now advised not to file ex parte applications in the future without adequate justification. Any ex parte application must first address why the regular noticed motion procedures must be bypassed. *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 489 (C.D. Cal. 1995). Ex parte applications are legitimate only when there is some genuine urgency, such as an ex parte temporary

restraining order, or when there is danger that opposing party will flee, destroy evidence or hide assets if notified. *Intermagnetics*, 101 B.R. at 193.

With respect to routine requests, such as motions to exceed the page limit, no need exists to file those motions ex parte; with electronic filing, the Court receives electronic notice of properly-notice motions just as quickly as motions filed ex parte, and the Court can evaluate whether the motion makes a routine request requiring no response.  If a party seeks to have the Court consider a motion on an expedited basis, the party seeking expedited consideration may file such a request with the motion.

**B.    *Good Cause to Extend Time for Filing Post-Trial Motions***

Federal Rule of Criminal Procedure 29 states that a defendant may file or renew a motion for acquittal within 14 days after a guilty verdict. Fed. R. Crim. P. 29(c)(1). Federal Rule of Criminal Procedure 33 states that a defendant must file any motion for a new trial based upon any reason other than newly discovered evidence within 14 days after the guilty verdict. Fed. R. Crim. P. 33(b)(2). Federal Rule of Criminal Procedure 45 states that the Court may extend the deadline for filing these motions for good cause shown if it does so before the originally prescribed time expires, or after the time expires if the party shows excusable neglect.

In this case, good cause exists to grant Defendants Swigert and Martin a second extension of time to file pre-trial briefs. Defense counsel – for both Swigert and Martin – should be allowed to review the trial transcripts before filing post-trial motions. The Court, however, will not allow the time requested.  The Court already allowed

Defendants one extension of time to file post-trial motions, and the Court sees no reason

for an additional three-month delay.  The schedule defense counsel proposes would

unduly prejudice the government: all prosecutors on this case are scheduled to begin two

different, complex white collar trials on January 27, 2014, one of which is set before this

Court.

Defense counsel for Swigert suggests that they must wait in limbo until they

obtain copies of the official transcript. But defense counsel has several options.  First,

counsel may obtain a draft copy of the transcript to review almost immediately. Counsel

will then only need the official transcript to verify any citations included in their briefs.[1]

Second, newly-retained counsel may consult with trial counsel, who remains counsel of

record.  Both of these options will allow newly-retained counsel to begin preparing post-

trial motions before obtaining the official transcript.

Given that defense counsel may obtain and begin reviewing a draft trial transcript

almost immediately, and the burden the schedule proposed by the defense will place on

the government, the Court finds an extension until December 11, 2013 is adequate.  The

government's responses shall be due no later than January 4, 2014, and replies shall be

---

[1] The Court will not require either Swigert or Martin to obtain a draft transcript in addition to the official transcript, as they must request and pay for both the draft and official copies of the transcript. The Court just presents this as an option.

due no later than January 20, 2014.  At this time, the Court intends to decide the motions on the briefs unless the Court notifies the parties otherwise.

**2.     Motions to Continue Sentencing**

Defendants Swigert and Martin also move to continue the sentencing currently scheduled for December 9, 2013, as well as the Presentence Report Disclosure Date. Swigert and Martin ask that sentencing be continued until April 21, 2014.

Because the Court has extended the time for filing post-trial motions, and those motions will not be ripe until January 20, 2014, good cause exists to continue the sentencing date until those motions are decided.  The Court will endeavor to decide those motions within three weeks after those motions are ripe.  Preparation for sentencing should not halt while the Court decides post-trial motions, however.  Therefore, the Court finds that a continuance of Swigert's sentencing date until February 20, 2014, is appropriate. The Court further finds that a continuance of Martin's sentencing date until February 21, 2013, is appropriate.

As noted at the outset, the Court will schedule Martin's forfeiture hearing for December 9, 2013, so that the Court may enter the preliminary order of forfeiture "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final."  F.C.R.P. 32.2(2)(B).

## ORDER

**IT IS ORDERED that:**

1. Defendant Darrell Swigert's Ex Parte Motion for an Extension of Time to File Post-Trial Motions (Dkt. 164), and Defendant Elaine Martin's Joinder in that motion to extend the time to file post-trial motions (Dkt. 169) are **GRANTED in part and DENIED in part.**

   a. Post-trial motions shall be filed no later than ***December 11, 2013***.

   b. Responses shall be filed no later than ***January 4, 2014***.

   c. Replies shall be filed no later than ***January 20, 2014***.

   d. The Court will notify the parties if oral argument is requested.

2. Defendant Darrell Swigert's Motion to Continue Sentencing and the Disclosure of the Presentence Report (Dkt. 184), and Defendant Elaine Martin's Joinder in the Motion (Dkt. 180) are **GRANTED in part and DENIED in part.**

   a. Defendant Swigert's sentencing date is set for ***February 20, 2014, at 3:30 p.m.*** If counsel requires more than an hour, please notify In-Court Deputy Jamie Gearhart.

      i. Original Report to Counsel is due ***January 16, 2014.***

      ii. Objections are due ***January 30, 2014***.

      iii. Final Report is due ***February 13, 2014.***

    b.   Defendant Martin's sentencing date is set for ***February 21, 2014, at 9:00 a.m.***. If counsel requires more than an hour, please notify In-Court Deputy Jamie Gearhart.

        i.   Original Report to Counsel is due ***January 17, 2014.***

        ii.   Objections are due ***January 31, 2014***.

        iii.   Final Report is due ***February 14, 2014.***

3.   The hearing on the government's Motion for Preliminary Order of Forfeiture is set for ***December 9, 2013, at 10:00 a.m.***  The Court has set aside two hours for this hearing. If additional time is needed, notify In-Court Deputy Jamie Gearhart.

DATED: November 13, 2013

B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 11**