UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>ELAINE MARTIN,<br><br>        Defendant. | Case No. 1:13-CR-065-BLW<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

This matter having come before the Court on the Government's motion for preliminary order of forfeiture (docket no. 151), and based upon the record and filings herein, including the guilty verdicts of ELAINE MARTIN, entered on September 19, 2013, by which the defendant was found guilty of violations of 18 U.S.C. §§ 1341 and 1343, providing for forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and based upon the December 11, 2013, forfeiture hearing, related briefing, and this Court's Findings of Fact and Conclusions of Law;

NOW THEREFORE IT IS HEREBY ORDERED, that the Government's motion for preliminary order of forfeiture (docket no. 151) is GRANTED and the defendant shall forfeit to the United States all property, real and personal, constituting or derived from proceeds traceable to the defendant's violations of 18

U.S.C. §§ 1341 and 1343, to include, but not be limited to, the following property (hereinafter "Subject Property"):

**Subject Property**:

A.  **Cash Proceeds**:  The sum of $3,084,038.05 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is property which constituted proceeds of the offenses of conviction, and was subsequently expended, spent, transferred, distributed or otherwise disposed of by the defendant.

B.  **Substitute Assets:**  Based upon the government's showing that the defendant transferred, expended, distributed and commingled the proceeds of the offense, making them difficult or impossible to trace, and thereby rendering them unavailable for forfeiture at this time, the following substitute assets:

**Real Property and Proceeds thereof**:  All right, title and interest in land and appurtenances and improvements, including buildings and residences, and proceeds of sale thereof, more fully described as:

a.  All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements located at **2231 N. Hickory Way**, Meridian, Idaho 83642, PN R6875910110, and more particularly described as:

**PRELIMINARY ORDER OF FORFEITURE - 2**

Lot 6 in Block 5 of Packard Subdivision No. 2, according to the Official Plat thereof, filed in Book 79 of Plats at Page(s) 8509-8510, records of Ada County, Idaho.

b.  All that lot or parcel of land, together with its buildings, appurtenances, improvements and fixtures, attachments, and easements located **1881 W. Marcon Lane**, Meridian, Idaho 83642, PN S1211449603, and more particularly described as:

A parcel of land located in the East ½ of the SE ¼ of Section 11, T.3N., R.1W., Boise Meridian, Ada County, Idaho; more particularly described as follows:

Commencing at the corner common to Sections 11, 12, 13 and 14, T.3N., R.1W., B.M.;

Thence along the section line common to said Sections 11 and 14 South 89°16'00" West, 1172.00 feet; Thence departing said line North 00°58'55" West, 711.36 feet to a point in the Center of the Eight Mile Lateral, common to the Northwest corner of Cafarelli Subdivision No. 2, as same is recorded in Book 91 of Plats at Page 10777, records of Ada County, Idaho; Thence continuing
North 00°58'55" West, 21.02 feet to the REAL POINT OF BEGINNING.

Thence continuing North 00°58'55" West, 763.87 feet to a point on the South right-of-way of the Oregon Shortline Railroad;

Thence along said right-of-way North 89°59'30" East, 573.58 feet;

Thence departing said right-of-way South 00°58'55" East, 1179.63 feet to a point in the Center of said Eight Mile Lateral;

Thence along the Centerline of said Lateral the following courses and distances:

North 70°22'01" West 86.56 feet;

**PRELIMINARY ORDER OF FORFEITURE - 3**

North 81°52'16" West 190.81 feet;
North 67°14'36" West 30.85 feet;
North 46°45'51" West 37.69 feet;
North 40°10'57" West 40.07 feet to the Northeast corner of said Cafarelli Subdivision No. 2;

Thence departing said Centerline North 00°58'55" West, 21.89 feet;

Thence North 40°16'18" West, 352.94 feet to the Point of Beginning.

c. All that lot or parcel of land, together with its buildings, appurtenances, improvements and fixtures, attachments, and easements located **12843 Morning Drive**, Donnelly, Valley County, Idaho, RP001580040030, and more particularly described as:

Lot 3, Block 4, Morning Dawn Subdivision #4, a plat which is recorded in the office of Valley County, Idaho.

d. All that lot or parcel of land, together with its buildings, appurtenances, improvements and fixtures, attachments, and easements located **12844 Morning Drive**, Donnelly, Valley County, Idaho, RP001580010120, and more particularly described as:

Lot 12, Block 1, Morning Dawn Subdivision #4, a plat which is recorded in the office of Valley County, Idaho.

e. All that lot or parcel of land, together with its buildings, appurtenances, improvements and fixtures, attachments, and easements located **Dennett Parcel J.,** Valley County, Idaho, and more particularly described as:

A parcel of land situate in the W½ of the SE¼ of Section 12, T. 16 N., R. 2 E., B.M., Valley County, Idaho, more particularly described as follows:

Commencing at a 5/8 inch rebar marking the Center South 1/16 Corner of Section 12, T. 16 N., R. 2 E., B.M., Valley County, Idaho; the REAL POINT OF BEGINNING:

Thence, N. 01º 15′ 44″ E., 244.11 feet along the west boundary of said W ½ SE¼,
thence, S. 88º 33′ 24″ E., 208.46 feet to the center of No Business Road,
thence, 71.85 feet along a non-tangent curve to the left whose radius is 230.00 feet, whose long chord bears S. 21º 09′ 04″ E., 71.55 feet, and delta angle is 17º 53′ 52″ along said road center line,
thence, S. 30º 06′ 00″ E., 167.33 feet along said road center line,
thence, 226.17 feet along a curve to the right whose delta angle is 25º 55′ 00″ and radius is 500.00 feet along said road center line,
thence, S. 04º 11′ 00″ E., 134.63 feet along said road center line,
thence, N. 88º 33′ 24″ W., 406.40 feet to the west boundary of said SW¼ SE¼,
thence, N. 01º 15′ 44″ E., 311.09 feet to the Point of Beginning, containing 4.27 acres, more or less.

Subject to the No Business Road right-of-way

f.   All that lot or parcel of land, together with its buildings, appurtenances, improvements and fixtures, attachments, and easements located at **NNA, Eagle**, Ada County, Idaho 83616, and more particularly described as:

Parcel 1 – Parcel No. S0411347102 – State Parcel No. O4N01W117102:

All that portion of the Southeast Quarter of the Southwest Quarter and the Southwest Quarter of the Southeast Quarter of Section 11 and Government Lots 2 and 3 of Section 14, all in Township 4 North, Range 1 West, Boise Meridian, Ada County, Idaho, being more particularly described as follows:

Beginning at the quarter corner common to Sections 11 and 14, Township 4 North, Range 1 West, Boise Meridian; thence North 2.26 chains to the True Point of Beginning; thence

North 74°20' East 12.35 chains; thence
South 13.43 chains; thence
South 62°41' West 13.39 chains; thence
North 0.05 chains; thence
South 55° 10' West 5.20 chains; thence
South 76° 00' West 1.32 chains; thence
South 20° 30' West 3.50 chains; thence
West 3.13 chains; thence
North 0.02 chains; thence
West 6.58 chains; thence
North 18.06 chains; thence
North 73°45' East 6.86 chains; thence
North 74°15' East 10.27 chains, more or less to the True Point of Beginning.

Except all that portion of the above described lands conveyed to the State of Idaho as described in warranty deed recorded August 21, 1956 under Recorder's No. 399176, warranty deed recorded September 20, 1956 under Recorder's No. 400579 and Quitclaim Deed recorded September 20, 1956 under Recorder's No. 400584, records of Ada County, Idaho.

And further excepting that portion disclaimed to the State of Idaho on July 22, 1991 as Instrument No. 9139734, records of Ada County, Idaho.

And further excepting Lot 1 Block 1 Tealwood Subdivision, According to the Plat thereof, filed in Book 59 of Plats at pages 5823 and 5824, records of Ada County, Idaho.

Parcel 2 – Parcel No. S0414212400 – State Parcel No. O4N01W142400:

Commencing at the North one-quarter corner of Section 14, Township 4 North, Range 1 West , Boise Meridian; thence
North 0°45'09" East (formerly North), 137.71 feet to a point of curvature of the South right-of-way line of State Highway No. 44; thence 806.77 feet along a curve to the left, said curve having a delta of 3°20'49", a radius of 13,810.99 feet and a long chord of 806.65 feet which bears North 77°29'51" East, to a point on said South highway right-of-way line; thence leaving said South highway right-of-way line.

g. All that lot or parcel of land, together with its buildings, appurtenances, improvements and fixtures, attachments, and easements located at **5924 W. Half Moon Lane**, Eagle, Ada County, Idaho 83616, APN No. R5793411500 – State Parcel No. O33000010150, and more particularly described as:

Lot 15, Block 1, Moon Lake Ranch Subdivision, Section 14, T4N, R1W, Boise Meridian, Ada County, Idaho

h. All that lot or parcel of land, together with its buildings, appurtenances, improvements and fixtures, attachments, and easements located at **5924 W. Half Moon Lane**, Eagle, Ada County, Idaho 83616, APN No. R5793411600 – State Parcel No. O33000010160, and more particularly described as:

Lot 16, Block 1, Moon Lake Ranch Subdivision, Section 14, T4N, R1W, Boise Meridian, Ada County, Idaho

The Court has determined, based on the guilty verdicts to Counts Five through Ten and Twelve through Seventeen of the Superseding Indictment, that the above property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and that the United States has established the requisite nexus between such property and such offense.

The United States Internal Revenue Service – Criminal Investigation (IRS-CI), and/or its agents, are authorized to seize the above property, whether held by the defendant or by a third party, in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.

The United States is further authorized, pursuant to Fed. R. Crim. P. 32(b)(3) and 32.2(c)(1)(B) to conduct any discovery, including depositions, necessary to (1) identify, locate or dispose of the property ordered forfeited herein, any property traceable thereto, or any property that may be forfeited as substitute assets; and (2) to expedite ancillary proceedings related to any third party interests claimed pursuant to Section 853(n) herein. Such discovery shall be in accordance with the Federal Rules of Civil Procedure.

The United States Secretary of Treasury (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

The United States shall publish on an official government internet site (http://www.forfeiture.gov) for at least thirty (30) consecutive days, notice of the order and its intent to dispose of the property in such a manner as the United States Secretary of Treasury (or a designee) may direct, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and Federal Rule of Criminal Procedure 32.2(b)(6)(C). The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within sixty (60) days of the first publication date of the notice or within thirty (30) days of receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6), and made applicable pursuant to 28 U.S.C. § 2461(c).

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or

interest in the property, any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in pursuant to 21 U.S.C. § 853(n)(2), and made applicable pursuant to 28 U.S.C. § 2461(c) for the filing of third party petitions.

Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall be and hereby is final as to the defendant and shall be made part of the sentence and included in the judgment at the time of sentencing.

All sums collected from the sale of substitute assets shall be credited against the defendant's money judgment amount, above, and periodically reported to the Court.

This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).



DATED: January 21, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court

**PRELIMINARY ORDER OF FORFEITURE - 11**