UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ELAINE MARTIN and DARRELL SWIGERT<br><br>    Defendants. | Case No. 1:13-CR-0065-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it three post-trial motions filed by the defense and a motion to strike filed by the Government. The motions are fully briefed and at issue. For the reasons expressed below, the Court will deny the motions filed by the defense and grant the motion to strike filed by the Government.

# ANALYSIS

## Motion for Acquittal

The defendants have filed a motion for acquittal under Rule 29. To resolve this motion, the Court "must consider the evidence presented at trial in the light most favorable to the prosecution." *U.S. v. Grasso,* 724 F.3d 1077, 1085 (9th Cir. 2013). The Court "must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved . . . conflicts in favor of the prosecution, and must defer to that resolution." *Id.* at 1085-86. The Court must determine whether the evidence, viewed in

that manner, "is adequate to allow any rational trier of fact to find the essential elements of a crime beyond a reasonable doubt." *Id.*

Defendants first argue that the conviction for obstructing a pending proceeding should be set aside, because the investigation by the United States Attorney's Office does not qualify as a proceeding under 18 U.S.C. § 1505. The Court earlier rejected this argument and finds no reason to reconsider that decision. *See Trial Tr.* at 5249.

The defendants also argue that there is insufficient evidence that they were aware of the investigations. The Court disagrees. There was evidence from Revenue Agent Charlie Becker and Special Agent Josh Culbertson that indicated defendants knew of the investigations. Moreover, Exhibit 1909 is evidence that as early as 2008, both defendants knew of the IRS investigation.

The defendants argue that the Government improperly vouched for their investigation by describing it as the "ultimate" investigation in an attempt to persuade the jury that their own investigation was of high quality and had integrity. By describing the investigation using this adjective, the defendants argue, the Government placed the prestige of the U.S. Attorney's Office behind the investigation and therefore improperly vouched for its own investigation.

The defendants cite *U.S. v. Hermanek,* 289 F.3d 1076 (9th Cir. 2002) for the proposition that the Government cannot place its prestige behind the credibility of the investigation. In that case, prosecutors "portrayed themselves as part of the team conducting the criminal investigation" and described how they adhered to the law and maintained the integrity of the investigation. The Circuit found this to be improper

**Memorandum Decision & Order – page 2**

vouching. *Id.* at 1098-99. Nothing of the sort happened in this case. In context, the adjective "ultimate" was used to describe how it came at the end of a process, and was not used to heap praise upon it or vouch for its worthiness. The Court can find no improper vouching here.

The defendants argue that there was insufficient evidence of a conspiracy to obstruct. The Court disagrees. The evidence consists of the testimony of Christina Mendez, along with the gift and loan documents – Exhibits 1905 and 1906 – and Martin's note – Exhibit 1909. The defendants challenge the credibility of Mendez but it is not so inherently unbelievable that it must be ignored. In a Rule 29 motion, "credibility of witnesses is a question for the jury," not for the Court. *U.S. v. Delgado,* 357 F.3d 1061, 1068 (9th Cir. 2004).

**<u>Motion for New Trial</u>**

Defendants have filed a motion for a new trial. Rule 33 states that "[u]pon the defendant's motion, the Court may vacate any judgment and grant a new trial if the interest of justice so requires." *See Fed. R. Crim. P. 33(a).* This Court's power to grant a motion for a new trial "is much broader than its power to grant a motion for judgment of acquittal." *U.S. v. Alston,* 974 F.2d 1206, 1211 (9th Cir. 1992). "The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." *Id.* "If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious

miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *Id.* at 1211-12.

Defendants argue that a new trial is warranted because the prosecution violated its duty to disclose exculpatory information, as required by *Brady v. Maryland*, 373 U.S. 83 (1963). Specifically, defendants argue that the Government failed to produce two different trial exhibits: (1) a facsimile from Martin to Trevor Gunstream, which was offered by defense and admitted at trial as Exhibit 2095; (2) two pages of screenshots showing metadata related to the creation and modification dates for government exhibits 1905 and 1906; these screenshots were offered by the Government and admitted at trial as Exhibit 1927.

The Court turns first to Exhibit 2095. It is an e-mail prepared by Martin and introduced into evidence at trial by the defense. The Government never had this document in its possession until the defense introduced it into evidence. *See Government Reply Brief (Dkt. No. 284)* at p. 6. Thus, the Government did not fail to turn over Exhibit 2095 and thus did not violate *Brady* with regard to that document.

Turning to Exhibit 1927, the Government only copied the drives on the MarCon computers and did not take possession of them. Thus, the defendants had possession of the MarCon computers at all times prior to trial. Moreover, the Government provided copies of the computer images made during the search warrant – from which Exhibit 1927 was prepared – prior to trial. Exhibit 1927 itself was disclosed promptly to the defense on August 16, 2013, soon after it was created. There remained 19 trial days for the defense to use Exhibit 1927. The defense does not describe its prejudice other than to

**Memorandum Decision & Order – page 4**

note that it could not make use of Exhibit 1927 during its opening statement on August 12, 2013, or in its cross-examination of certain Government witnesses. But the defense does not describe how Exhibit 1927 would have made any difference, and the Court's own analysis is that it would have not made any difference.

Defendants argue next that the Court improperly admitted Exhibit 1909. The Court initially admitted Exhibit 1909 subject to the Government proving by a preponderance of the evidence the existence of a conspiracy. *See Trial Tr.* at p. 4854. Later, the Court held that the Government had met that burden. *See Trial Tr.* at p. 5249. With regard to Swigert, the evidence connects him to the conspiracy through the explanation that he offered in the second proffer session and before the Grand Jury. *See Trial Tr.* at 4833-52. In both instances, he said that the $256,000 was a gift and not a loan, and that he was not holding that money for Martin. Moreover, Swigert joined in the decision to fire Steve Harding after the IRS civil audit began. With regard to Martin, the evidence of her connection to the conspiracy is overwhelming. Exhibit 1909 was made for the purpose of furthering the conspiracy because it set forth strategies for concealment. For all of these reasons, the Court finds that Exhibit 1909 was properly admitted.

Defendants argue next that the Government impermissibly sought to shift the burden of proof to them. In the course of arguing that Swigert was holding $256,000 for Martin so that she would falsely qualify for federal programs, the Government told the jury that it did not have to prove the details of how Swigert received the $256,000 from Martin. That is true. Regardless of how Swigert's obligation was created, a reasonable

**Memorandum Decision & Order – page 5**

juror could find from all the evidence that the gift and loan documents were fabricated in an attempt to hide the money so Martin would continue to qualify for the programs. That is the essence of the obstruction charge and so there was no impermissible shifting of the burden of proof.

The Court turns next to defendants' objection to the exhibits admitted through Special Agent Jared Gross that were found on the computer of Carma Christensen. These are Exhibits 1309, 4124, 4202, 4204, 4205-4208, 4210-4215, 4219, 4231, 4235-4237, 4269, 4322, 4336, and 4462. Their admission, Martin argues, violates Rule 901 as they were never properly authenticated. Specifically, Martin argues that the Government never demonstrated how these exhibits came onto Christensen's hard drive in the first place.

During the testimony of Gross – who testified that he took the documents off the USB provided by Carma Christensen – the Court expressed a reservation under Rule 901 that "we're going to need to have Ms. Christensen verify how that information came onto her hard drive." *See Trial Tr.* at 2060. Following the testimony of Gross, the Government called Christensen, and she testified at length about how she backed up MarCon's files to a USB drive, and then provided that drive to the IRS. *See Trial Tr.* at 2346-2353. During her testimony, she talked specifically about some of the Exhibits that Martin claims lacked foundation, including the following: Exhibits 4205 (*see Trial Tr.* at 2631, 2655-57); 4211 (*see Trial Tr.* at 2657-61); 4219 (*see Trial Tr.* at 2669); 4211 (*see Trial Tr.* at 2746); and 4204 (*see Trial Tr.* at 2761).

Following this testimony, the Court found that Rule 901 had been satisfied. *See Trial Tr.* at 2378-79. The Court confirms that ruling here. Christensen explained how she obtained the files from MarCon, and she testified specifically regarding some of the Exhibits. Contrary to Martin's objection, Rule 901 was satisfied. With regard to the hearsay objection, 15 of these Exhibits were authored by Martin and so are not hearsay as to her under Rule 801(d)(2)(A). The defendants do not identify any of these exhibits that were offered and used for the truth of the matters contained in them.

With regard to defendant Swigert, the Court offered a limiting instruction that the jury could not consider these documents against him. *See Trial Tr.* at 2378-79. Swigert's counsel declined the offer at that time. *Id.* at 2379. Swigert cannot now complain that the documents are hearsay as to him.

The defendants argue next that the testimony of Christina Mendez was so unreliable that justice requires a new trial. They point out that at the Grand Jury, she testified that he could not recall the circumstances surrounding her notarization of Exhibits 1905 and 1906, and then at trial she testified that she notarized them at the same time. She explained, however, that after her Grand Jury testimony, she was shown Exhibits 1098 and 1911, not previously available, and they jogged her memory of the events. Other evidence confirms that Mendez was responsible for setting up the meeting where she says she notarized Exhibits 1905 and 1906. For all these reasons, the Court cannot find that her testimony requires a new trial.

**Motion for Arrest of Judgment**

The defendants have filed a motion to arrest judgment under Rule 34, arguing that the Counts 23, 24, and 25 of the Superseding Indictment are insufficient to support a conviction. The defendants did not raise this argument until after the Government had rested its case.

An indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." *Fed.R.Crim.P.* 7(c)(1). An indictment is sufficient if it contains "the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy." *U.S. v. Awad,* 551 F.3d 930, 935 (9th Cir. 2009). The test for sufficiency of the indictment is "not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *Id.*

When, as in the present case, a defendant's challenge is not brought before trial, the indictment is "liberally construed" because the defendant had an opportunity to resolve any ambiguity in the indictment through a pre-trial motion. *Id.* at 937. In *Awad,* the issue was whether an indictment was sufficient that omitted the requirement that defendant "willfully" defraud Medicare. *Id.* at 935-36. Because the defendants failed to challenge the indictment until trial, the Circuit reviewed it under the "liberal" standard, holding that a "'liberal' and 'common sense' reading of the indictment signals unmistakably that Defendant acted with a bad purpose, which is the Supreme Court's definition of 'willfully.'" *Id.* at 937.

In this case, the Superseding Indictment used the word "corruptly" to describe the mens rea requirement. That is the only mens rea requirement listed by the statute, 18

**Memorandum Decision & Order – page 8**

U.S.C. § 1505 – it contains no requirement that the defendant act "willfully" or "knowingly." So the Indictment precisely tracked the statute. And the term "corruptly" implies that the defendant must know of the pending proceeding he is charged with obstructing. For these reasons, the Court will deny the motion.

**<u>Motion to Strike Attachment A to Defense Brief</u>**

Following the evidentiary hearing on the forfeiture issue, the defense filed a post-hearing brief as requested by the Court. In addition, the defense filed an Attachment to that brief that is a motion to exclude certain evidence that had been submitted in the forfeiture hearing. The Attachment was never filed as a proper motion, and it reargues matters already resolved in the evidentiary hearing. The Government filed a motion to strike it, and the Court will grant that motion.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for arrest of judgment (docket no. 267), the motion for new trial (docket no. 268), motion for acquittal (docket no. 269) are DENIED.

IT IS FURTHER ORDERED, that the Government's motion (docket no. 282) to strike Attachment A to the defense brief is GRANTED.



DATED: February 25, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court