UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>ELAINE MARTIN,<br><br>                      Defendant. | Case No. 1:13-cr-00065-BLW<br><br>MEMORANDUM DECISION AND ORDER |

Before the Court is Defendant Elaine Martin's Motion for Release (Dkt. 378). Martin asks the Court to issue an order immediately releasing her from Bureau of Prisons custody pending re-sentencing and further appellate proceedings. For the reasons set forth below, the Court finds that Martin must remain in prison while awaiting the imposition of a new sentence on remand.

## BACKGROUND

On September 19, 2013, Defendant Elaine Martin was found guilty of making and subscribing false returns, in violation of 26 U.S.C. § 7206(2); conspiracy, in violation of 18 U.S.C. § 371; wire fraud, in violation of 18 U.S.C. § 1343; false statements to Small

Business Administration (SBA), in violation of 15 U.S.C. § 545; mail fraud, in violation of 18 U.S.C. § 1341; interstate transportation of money taken by fraud, in violation of 18 U.S.C. § 2314; and obstruction of justice, in violation of 18 U.S.C. § 1505. *Verdict,* Dkt. 142. On February 26, 2014, the Court sentenced Martin to 24 months' imprisonment on the convictions for making and subscribing false returns, conspiracy, false statements, and obstruction, and 84 months' imprisonment on the convictions for wire fraud, mail fraud, and interstate transportation of fraud convictions, to run concurrently. *Judgment,* Dkt. 321. On August 7, 2015, the Ninth Circuit vacated Martin's sentence and her convictions for making and subscribing false tax returns, and remanded the case for resentencing on the fraud-related charges. *Ninth Circuit Opinion; Order of Ninth* Circuit, Dkts. 376, 377.

On August 14, 2015, the Defendant moved for immediate release pursuant to 18 U.S.C. § 3143, pending resentencing and/or further appellate proceedings.

## ANALYSIS

A convicted defendant has no constitutional right to bail. Thus, because Martin has been convicted, any entitlement to bail derives from 18 U.S.C. § 3143 of the Bail Reform Act of 1984, which "establishes a presumption against" release being granted. *Id.* The parties, however, disagree about which subsection of § 3143 applies.

Martin's motion for release is made pursuant to 18 U.S.C. § 3143(a), which directs the Court to order "that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence…be detained, unless the judicial officer

MEMORANDUM DECISION AND ORDER - 2

finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a). The Court has determined previously that Martin is not a flight risk or danger to any other person or the community. 18 U.S.C. § 3143(a). Therefore, § 3143(a) would appear to mandate that the Court order Martin's release. *Id.*

In this case, however, Martin has already been convicted and sentenced; the majority of her convictions have been affirmed but her sentence has been vacated; and now she awaits *resentencing*.  At resentencing, the Court may or may not reduce Martin's sentence. In these circumstances, § 3143(a) does not expressly apply. *United States v. Holzer*, 848 F.2d 822, 824 (7th Cir. 1988); *see also United States v. Krilich*, 178 F.3d 859 (7th Cir. 1999) and *United States v. Beasley*, Case No. 89-cr-00602-THE, 2014 WL 6694058, at *3 (N.D. Cal. 2014).

But neither is § 3143(b) a "perfect fit." *United States v. Olis*, 450 F.3d 583, 586 (5th Cir. 2006). Section 3143(b) allows a court to release a defendant "who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal" if the court finds by clear and convincing evidence that: (1) the defendant is not a flight risk or danger to the community; and (2) "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." *Id.*  Martin is not awaiting a

decision on appeal – her appeal has been filed and decided, which has resulted in a partial

reversal, an order for a new trial on some counts, and a remand for a new sentence.

The Court agrees with the two circuits to have directly considered this issue and

decided subsection (b), rather than subsection (a), should apply to a resentencing. *Holzer*,

848 F.2d at 824; *Olis*, 450 F.3d at 586. "Such a result comports with the goals of the

statute and with common sense. Applying subsection (a) in this instance would lead to an

absurd result: [the defendant] would be temporarily released, only to return to prison for

the remainder of his sentence." *Olis*, 450 F.3d at 586. "Breaking a sentence in the middle

does not promote any end other than reducing the effective penalty by allowing a holiday

or, worse, providing an opportunity to escape. *Krilich*, 178 F.3d at 862. On the other

hand, the Court may find in this case that it is likely that Martin's sentence will reduced

on resentencing, and she would never have to return to prison; applying subsection (b) to

a resentencing allows the Court to conduct this analysis before releasing her.

Accordingly, in this case, the Court must decide whether Martin has proved by

"clear and convincing evidence" that (1) she is not a flight risk or danger to the

community; and (2) resentencing is likely to result in a sentence reduced to less

imprisonment than she has already served. 18 U.S.C. § 3143(b)(1)(B). [1]

---

[1] Martin correctly notes that the requirements of § 3143(b)(B) are written in the disjunctive, and
Martin's appeal has resulted in both a partial reversal and an order for a new trial. The Court, however,
does not agree that this means that Martin is not required to show anything more in order for the Court to
order her release. Martin's appeal only resulted in a *partial* reversal and an order for a new trial on *some*
counts. Martin's conviction on the majority of counts was affirmed, and it was her conviction on the

**MEMORANDUM DECISION AND ORDER - 4**

The Court finds Martin does not pose a risk of flight or a danger to society. The government argues that Martin now poses a flight risk because the Ninth Circuit has affirmed the fraud, conspiracy, and obstruction of justice convictions, "making it more likely that the Defendant will seek to avoid future incarceration by fleeing if she were released." *Govt.'s Resp. Br.* at 381, Dkt. 381. But Martin is almost 70 years old, she has longstanding family ties in Idaho, and she has surrendered her passport.  Nothing about her situation suggests she will flee. Nor is there any evidence that Martin poses a danger, economic or otherwise, to the community. Thus, Martin has satisfied the requirements of § 3143(b)(A).

Martin, however, has not satisfied the requirements of § 3143(b)(B)(iv). At Martin's original sentencing hearing, the Court applied the government benefits' rule, but ultimately calculated the loss amount as the profits that Martin earned by defrauding the SBA and DBE programs, which the Court determined to be $3 million. *United States v. Martin*, Sentencing Tr. At 145 (Feb. 24, 2014). The Ninth Circuit, however, held that the loss amount should be calculated using the procurement fraud rule. *United States v. Martin*, No. 14-30034, Slip Op. at 19 (citing U.S.S.G. § 2B1.1 cmt. n.3(b)). In directing this Court to apply the fraud procurement rule, the Circuit suggested that the loss to the government could be determined by calculating the premium contract price the

---

affirmed counts that provided the basis for the majority of her sentence. Thus, the question of whether resentencing is likely to result in a sentence reduced to less imprisonment than she has already served best fits the circumstances of this case.

**Memorandum Decision and Order - 5**

government paid above what it would have paid for other contracts under normal
competitive bidding procedures. *Id.* at 19-20.

According to Martin, if the loss amount is calculated by determining the premium
the government paid for awarding the contracts to Marcon as part of the SBA and DBE
programs, "it is highly unlikely that the government will be able to prove 'actual loss
resulting from Martin's fraud' on remand after being unable to do so during a two-day
sentencing hearing." *Def.'s Opening Br.* at 7, Dkt. 378. Without the 18-level
enhancement for fraud loss, Martin's total offense level will likely be 13, with a guideline
range of 12-18 months for the fraud charges. Martin has served nearly 24 months in
prison, including credit earned for good behavior. Under Martin's calculations, therefore,
her sentence would likely be reduced to less imprisonment than she has already served.

The Ninth Circuit, however, left open the possibility that the Court could use
Martin's gain as another way to measure the loss "[i]f it is not feasible to determine the
actual or intended loss." *United States v. Martin*, No. 14-30034, Slip Op. at 20. If the gain
method is used to measure Martin's loss, the loss amount would likely remain the same at
$3 million, and Martin's sentence would not be reduced.

But the Ninth Circuit also noted that "the government stated below that 'the loss
from Defendant Martin's fraud can be determined,' [which] may be a binding admission
that precludes reliance on Martin's gain as an alternative measure for loss on remand." *Id.*
Reading this statement in context, however, it is apparent that the statement was premised
on the applicability of the government benefits rule, i.e., a calculation of loss based on the

**MEMORANDUM DECISION AND ORDER - 6**

total value of the contracts awarded, a known quantity. The government made this statement that the loss of Martin's fraud is ascertainable in their sentencing memorandum, where they were strongly advocating that the government benefits rule should apply. *Govt's Sent. Memo.*, p. 16, Dkt. 308. Indeed, in the same sentencing memorandum, the government argued that "the Court need not and should not *speculate* as to how much the government would have paid to another company to perform the same work." *Id.* at 15 (emphasis added). This statement strongly suggests that the government believes it would not be feasible to determine the premium contract price the government paid to Marcon. If this proves true at resentencing, the Court would apply the gain method to measure the loss amount, and Martin's sentence would likely remain the same.

At this point, Martin has not provided the Court with clear and convincing evidence (1) that it is possible to calculate the loss amount using the fraud procurement rule, as opposed to the gain rule, and (2) even if it were possible, that application of the fraud procurement rule would likely result in a a sentence reduced to less imprisonment than she has already served. Given that Martin has failed to meet her burden under § § 3143(b), Martin must remain in prison while awaiting the imposition of a new sentence on remand.  This, of course, does not mean that the Court has concluded that Martin's sentence should remain the same; it only means that the Martin has not met her high burden of proving she should be released at this time.

## ORDER

MEMORANDUM DECISION AND ORDER - 7

IT IS ORDERED that Defendant Elaine Martin's Motion for Release (Dkt. 378) is DENIED.

DATED: November 9, 2015

B. Lynn Winmill
Chief Judge
United States District Court