# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:13-CR-0065-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| vs. | |
| ELAINE MARTIN | |
| Defendants. | |

The Court has before it a motion to continue filed by the Government. The defendant objects. The Court finds that the motion should be granted.

The Speedy Trial Act gives the Court some more leeway setting trial after an appeal:

> If the defendant is to be tried again following an appeal or a collateral attack, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final, except that the court retrying the case may extend the period for retrial not to exceed one hundred and eighty days from the date the action occasioning the retrial becomes final if unavailability of witnesses or other factors resulting from passage of time shall make trial within seventy days impractical. The periods of delay enumerated in section 3161(h) are excluded in computing the time limitations specified in this section.

42 U.S.C. §3161(e). The date the action "becomes final" for purposes of §3161(e) is the date the mandate issues. *See U.S. v. Ross,* 654 F.2d 612 (9th Cir. 1981). In this case, the mandate issued on September 29, 2015. If §3161(e) applies, trial could be set within 180

days from that mandate, and thus the trial in this case could be held by March 28, 2016, at the latest.

"Section 3161(e) gives the trial court greater flexibility in setting cases for trial following appeal than is provided in the initial indictment-to-trial cases." *U.S. v. Holley*, 986 F.2d 100, 103 (5th Cir. 1993) (holding that the district court congestion and understaffing justified 180 day extension).

In this case, the trial was set by the Court on very short notice for a date immediately after the Thanksgiving holiday. The trial was set by Order filed October 22, 2015, and so the parties and witnesses had only about a month of advance notice. Consequently, Government witnesses are unavailable. Moreover, there has been an almost complete turnover of Government counsel in this case. These circumstances render it impractical to hold trial on November 30, 2015. Consequently, the Court will grant the Government's motion to continue, and continue the trial until February 8, 2016.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for continuance (docket no. 389) is GRANTED.

IT IS FURTHER ORDERED, that the present trial date of November 30, 2015, is VACATED, and that trial be reset for **February 8, 2016, at 1:30 p.m.** in the Federal Courthouse in Boise Idaho.

IT IS FURTHER ORDERED, that the pretrial conference shall be held on January 28, 2016, at 4:00 p.m. by telephone with the Government to initiate the call. The Court

**Memorandum Decision & Order – page 2**

can be reached at 208-334-9145. The defendant need not be on the line as only logistics will be discussed.

IT IS FURTHER ORDERED, that the defendant shall file all pretrial motions on or before January 8, 2016.

DATED: November 13, 2015

B. Lynn Winmill
Chief Judge
United States District Court